```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
CHAUNCY RAMOS,                                          :
                    Petitioner,                         :   **MEMORANDUM DECISION**
v.                                                      :
                                                        :   11 CV 4929 (VB)
SUPERINTENDENT, SING SING                               :
CORRECTIONAL FACILITY,                                  :
                    Respondent.                         :
--------------------------------------------------------x
```

Briccetti, J.:

      Before the Court is Magistrate Judge Paul E. Davison's Report and Recommendation ("R&R"), dated September 19, 2013 (Doc. #32), on petitioner Chauncy Ramos's petition for a writ of habeas corpus.  Judge Davison recommended the Court deny the petition, and petitioner, through counsel, has filed timely objections.

      Petitioner was convicted of one count of assault in the second degree and two counts of criminal possession of a weapon in the third degree at a non-jury trial in County Court, Westchester County.  He was acquitted of attempted kidnapping.  After determining that petitioner was a persistent violent felony offender as to the assault conviction and a persistent felony offender as to the two weapons convictions, the trial court sentenced him to concurrent indeterminate terms of twenty years to life on all three counts.

      For the following reasons, and except in certain respects as indicated below, the Court adopts the R&R.  As to those portions of the R&R the Court does not adopt, the Court nevertheless finds and concludes petitioner is not entitled to habeas relief.

      Accordingly, the petition is DENIED.

      Familiarity with the complex factual and procedural background of this case is presumed; the Court recites only those facts necessary for resolution of petitioner's objections.

I.      <u>Standard of Review</u>

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted within fourteen days after being served with a copy of the recommended disposition, Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1), or within seventeen days if the parties are served by mail. <u>See</u> Fed. R. Civ. P. 6(d).

When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a <u>de novo</u> standard of review. 28 U.S.C. § 636(b)(1)(C); <u>see also</u> Fed. R. Civ. P. 72(b)(3). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. <u>See</u> <u>Wilds v. United Parcel Serv., Inc.</u>, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. <u>See</u> <u>Ortiz v. Barkley</u>, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), petitioner is entitled to habeas corpus relief only if he can show that in adjudicating his claim on the merits, the state court <u>either</u> (i) unreasonably applied, or made a decision contrary to, clearly established Federal law as determined by the Supreme Court, <u>or</u> (ii) unreasonably determined the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2). The state court's determination of factual issues is presumed correct, and petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

II.        <u>Petitioner's Objections</u>

Petitioner, through counsel, filed timely objections to Judge Davison's R&R. (Doc. #35). As set forth below, some of the objections are specific and thus will be reviewed under a <u>de novo</u> standard. Other objections are conclusory, general, or simply a reiteration of arguments made to Judge Davison. Those objections will be reviewed under a clearly erroneous standard.

A.        <u>Sufficiency of the Evidence</u>

1.        <u>Assault Conviction</u>

Petitioner first objects to the magistrate judge's finding that the Appellate Division's decision rejecting petitioner's insufficiency claim as to his assault conviction on the merits was neither contrary to nor constituted an unreasonable application of clearly established federal law, and did not depend upon an unreasonable determination of the facts. (R&R, at 24-30).

The essence of petitioner's claim is that the evidence at trial was insufficient to show that the stun gun he used during the assault on the victim was not a "dangerous instrument." "Dangerous instrument" is defined as "any instrument, article or substance . . . which, under the circumstances in which it was used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury." N.Y. Penal Law § 10.00(13). A "serious physical injury" is a "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." N.Y. Penal Law § 10.00(10).

The evidence at trial included the victim's testimony that petitioner viciously and repeatedly struck her with his hands in which he held a stun gun with a protruding metal tip; despite her best efforts she never got the stun gun out of petitioner's hands; she felt the stun gun come into contact with her skin; she had scratches and bruises on her knee and forearm

3

consistent with having been struck by the stun gun; her arm felt like "someone had hit it with a brick or something or I got into a car accident"; she was stunned in the neck and thigh; she heard a buzzing sound several times; she was treated at a hospital for her injuries; and the pain persisted for a "couple of weeks" and still hurt when it rained. (Trial Tr. 481-83, 498-514, 522-24, 532-33).

In addition, an eyewitness testified petitioner attacked and hit the victim with his hands while trying to pull her out of her car, during which the victim was crying hysterically and calling for help, and that after the attack ended the victim said she had been stunned with a stun gun. (Trial Tr. 406-14, 428). A second eyewitness testified he saw petitioner hitting the victim, pulling her hair, and trying to pull her out of her car through the window, and that the victim had scratches on her face and neck and blood on her forehead. (Trial Tr. 441-48, 462).

The prosecution also called two expert witnesses. One, an electrical engineer, testified the stun gun, which was recovered, was a high-voltage instrument capable of emitting 20,000 volts of electricity, and that he "wouldn't want to be on the receiving end of this device." (Trial Tr. 645-47). The other, an emergency room physician with experience treating electrical injuries, testified the stun gun used by petitioner was capable of causing significant injuries, including numbness, burns, and disruption to various organs and bodily systems. (Trial Tr. 753-59).

In announcing its verdict, the trial court made the following relevant findings of fact and conclusions of law: Based on the "credible evidence," the stun gun "was readily capable of causing serious physical injury" to the victim, because petitioner "approached the complainant with a stun gun in his hand and . . . used it to strike her and to stun her and transmit[] an electric shock to her several times. The stun gun was used both to stun and bludgeon the victim in a

4

violent and uncontrolled manner about her head, neck, face, arms and legs. Used in this way, the stun gun was readily capable of causing serious physical injury." (Trial Tr. 861-62).

On appeal, the Appellate Division, Second Department, affirmed: "Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish beyond a reasonable doubt the defendant's guilt" of assault in the second degree, and that the verdict "was not against the weight of the evidence." People v. Ramos, 45 A.D.3d 702, 703 (2d Dep't 2007) (citation omitted).

In view of foregoing, and having carefully reviewed the trial record, the Court concludes Judge Davison's finding – namely, that the state court's determination that the evidence was legally sufficient was neither an unreasonable determination of the facts nor contrary to or an unreasonable application of clearly established federal law – was correct. Accordingly, petitioner's objection is overruled and this portion of the R&R is adopted.[1]

### 2.   Weapons Convictions

Judge Davison found unexhausted petitioner's claim that the evidence was insufficient to support his conviction on the two weapons counts, but deemed the claim exhausted and procedurally defaulted. For that reason, the magistrate judge recommended this claim be denied. (R&R, at 30-31). Petitioner does not object. (Doc. #35, at 1, n.1). Thus, the Court reviews this portion of the R&R for clear error. Having done so, the Court finds no error, clear or otherwise, and adopts this portion of the R&R.

---

[1]   Petitioner does not specifically object to the magistrate judge's finding that the evidence at trial supported the trial court's finding that the victim suffered "physical injury," which is an element of the charged crime. To the extent petitioner generally objects to this finding (Doc. #35, at 1, n.1), that objection is conclusory, general, or a reiteration of an argument made to Judge Davison. Accordingly, the Court reviews this finding for clear error. Having done so, the Court finds no error, clear or otherwise, and adopts this portion of the R&R.

B.  Ineffective Assistance of Appellate Counsel

Petitioner objects to Judge Davison's rejection of his claim that his appellate counsel was ineffective under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  Specifically, petitioner objects to the magistrate judge's finding, under <u>Strickland</u> and AEDPA, that petitioner failed to demonstrate prejudice, even assuming <u>arguendo</u> his appellate lawyer's conduct was deficient. (R&R, at 49-51).

The essence of petitioner's claim is that his appellate counsel was ineffective for having raised on direct appeal a claim that his trial counsel was ineffective for failing to call a medical expert to testify that the stun gun was not a dangerous instrument.  This was ineffective, petitioner claims, because ineffective assistance of trial counsel claims must be raised via collateral motion rather than on direct appeal.  According to petitioner, because it was first raised on direct appeal, this claim was decided prematurely and petitioner was deprived of his right to litigate it later in a procedurally proper forum.

As explained by Judge Davison, the problem with this argument is that after his direct appeal was decided, petitioner moved to vacate his conviction under N.Y. Crim. Proc. Law § 440.10, in which he asserted the underlying claim that his trial counsel was ineffective for failing to call the medical expert.  The 440 court rejected it on the merits.  The 440 court stated: "Although [petitioner] now contends that the affidavit of a medical expert, Dr. Spitz, would have cast doubt on the ability of the stun gun in this case to cause serious injury, the trial Court found that the stun gun was used 'to stun the victim and to strike her with it' and was a dangerous instrument <u>under the circumstances in which it was used</u>."  The 440 court went on to say that even an innocuous item may become a dangerous instrument if used in a manner that renders it capable of causing serious injury, and here, "[s]ince the [trial] Court's finding . . . was largely

6

based on the manner in which the stun gun was used, i.e., to strike the victim, the testimony of a medical expert regarding the stun gun's capabilities of causing injury by its electrical current was not likely to have altered the outcome." (Doc. #16-27, at 9).

The point is that the trial court finding's that the stun gun was a dangerous instrument was based on the fact that the stun gun was used not only to stun the victim but also to strike the victim. As set forth above, there is substantial evidence in the trial record that the victim was viciously struck with the stun gun – namely, petitioner repeatedly struck the victim with his hands, the stun gun was in his hands the entire time, the stun gun had a protruding metal tip, the victim felt the stun gun come into contact with her skin, she had scratches on her face and neck and blood on her forehead, she had scratches and bruises on her knee and forearm consistent with having been struck by the stun gun, and her arm felt like "someone had hit it with a brick."

On this record, the Court agrees with Judge Davison that "[t]here is no indication that the trial court would have decided this claim differently on the merits had it not first been presented on direct appeal, and the Court therefore is unable to conclude that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (R&R, 51 (quoting Strickland v. Washington, 466 U.S. at 694)).

The Court finds Judge Davison correctly rejected this claim under the deferential AEDPA standard of review. This portion of the R&R is therefore adopted.

    C.    <u>Ineffective Assistance of Trial Counsel</u>

Petitioner specifically objects to the magistrate judge's recommended rulings with respect to certain aspects of trial counsel's performance – (i) the failure to call a medical expert to refute the prosecution's theory that the stun gun was readily capable of causing serious physical injury; (ii) the alleged failure to object to material misstatements in the presentence report; and (iii) the

7

alleged abandonment of petitioner at sentencing.[2] Although this Court agrees with petitioner that these claims were exhausted (contrary to Judge Davison's recommended ruling), on the merits the Court concludes that the state court's ruling rejecting these claims did not constitute an unreasonable determination of the facts, and was neither contrary to nor an unreasonable application of clearly established federal law.

1. Exhaustion

Ordinarily, a federal court may not grant habeas relief unless petitioner has first exhausted his claims in state court. 28 U.S.C. § 2254(b)(1)(A). As explained by Judge Davison, "the exhaustion requirement promotes interests in comity and federalism by demanding that state courts have the first opportunity to decide a petitioner's claim." (R&R, at 20). See Rose v. Lundy, 455 U.S. 509, 518-19 (1982).

The magistrate judge correctly found petitioner presented each of the aforementioned ineffective assistance claims on direct appeal to the Appellate Division, but then failed to include these claims in his request for leave to appeal to the Court of Appeals; and that petitioner thereafter raised each of these claims in his motion to vacate his conviction under CPL 440.10, which the 440 court denied on procedural grounds and alternatively on the merits. Judge Davison concluded these claims were not fully exhausted because petitioner's failure to include them in his leave request to the Court of Appeals meant he had failed to pursue his direct appeal through its completion, citing Jordan v. Lefevre, 206 F.3d 196, 198-99 (2d Cir. 2000); Figueroa v. Kelly, 1995 WL 702327, at *1-2 (S.D.N.Y. Nov. 29, 1995). (R&R, at 34-35, 46-47).

---

[2] Petitioner briefly mentions a fourth ineffectiveness claim in his objections (Doc. #35, at 9) – alleged failure to effectively cross-examine the victim – but does not follow up with any specific or articulated objection on the merits.

Petitioner points out that all of these claims were decided on the merits by the 440 court, even though, arguably, that court could have rejected the claims solely on procedural grounds under CPL 440.10(2)(a) ("the court must deny a motion to vacate a judgment when [t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment").[3] Petitioner requested leave to appeal that decision to the Second Department, which denied the request. This Court has found no legal authority – and petitioner proffers none – on the issue of whether the failure to completely exhaust on direct appeal a claim that is later presented to and decided by the state courts on the merits constitutes proper exhaustion for habeas purposes. Consistent with the requirements of the statute as well as the underlying purpose of exhaustion, however, the Court finds that these claims were properly exhausted. The state courts did have the first opportunity to decide these claims, the claims were addressed and decided on the merits in a thorough and thoughtful decision of the 440 court, and petitioner properly exhausted his appellate rights from the 440 court's denial thereof. Thus, the Court will address these claims on the merits.

2.   Failure to Call Medical Expert

As set forth above, the 440 court's rejection of this claim was based on the fact that the trial court had found the stun gun was used not only to stun the victim, but also to strike the victim, repeatedly, during a violent struggle lasting several minutes. Substantial evidence supported the trial court's findings of fact, and there is no basis for this Court, applying the AEDPA deferential standard of review, to find that the trial court unreasonably determined the

---

[3] Perhaps the 440 court did so out of a concern that appellate counsel's inclusion of these ineffective assistance of trial counsel claims on direct appeal (rather than by collateral motion) was arguably inappropriate, and that it would be unfair to deny petitioner the opportunity to have these claims decided via a CPL 440.10 motion at the trial court level. In any event, the 440 court did address these and other ineffectiveness claims on the merits, and rejected them. (Doc. #16-27, at 8-16).

facts in light of the evidence presented. Specifically, the 440 court held that "the testimony of a medical expert regarding the stun gun's capabilities of causing injury by its electrical current was not likely to have altered the outcome [and t]hus the [petitioner] has not met his burden of demonstrating that his counsel was ineffective for failing to obtain a medical expert." (Doc. #16-27, at 9-10). In short, the 440 court found that petitioner had not established the prejudice prong of Strickland. On this record, this Court concludes the 440 court's rejection of this claim did not constitute an unreasonable determination of the facts, and was neither contrary to nor an unreasonable application of clearly established federal law.

### 3. Failure to Object to Material Misstatements in Presentence Report

Petitioner claims his trial counsel was ineffective for failing to object to three alleged misstatements in the presentence report – namely, that he was a "violent sexual predator"; according to a detective, he would have raped or killed the victim had he gotten her into his car; and, according to the mother of petitioner's son, petitioner was a drug user and a bad influence on their son.

The 440 court rejected this claim, noting that petitioner's counsel told the trial court petitioner was "not adopting the presentence report as his history . . . and he certainly contests the things in the presentence report that reflect poorly on him"; that petitioner "made a lengthy statement to the Court . . . noting, among other matters, that the presentence report contained certain inaccurate information"; and that counsel made a statement on petitioner's behalf in which he noted that petitioner "had been acquitted of attempted kidnapping and that there should be no speculation as to any potential homicide." The 440 court held that since petitioner was given a full opportunity to comment on the claimed errors in the report, and that his counsel had also argued against statements in the report as to "what might have occurred, viewed in the

totality of the circumstances, [petitioner] was not deprived of the effective assistance of counsel on this basis." (Doc. #16-27, at 15-16).

This Court has carefully reviewed the sentencing minutes upon which the 440 court relied. In addition to the comments to which the 440 court referred, counsel specifically urged the court to focus on what petitioner was convicted of (assault), not the more serious crime (kidnapping) of which he was acquitted. (Sentencing Tr. 15-16). Moreover, in defendant's statement, he noted that information in the report regarding his prior history was erroneous, and strongly asserted that the verdict was against the weight of the evidence.

On this record, this Court concludes the 440 court's finding that counsel was not ineffective in this regard did not constitute an unreasonable determination of the facts, and was neither contrary to nor an unreasonable application of clearly established federal law.

    4.  Abandonment of Petitioner at Sentencing

As set forth above, the 440 court found that trial counsel – who vigorously advocated for petitioner at sentencing – was not ineffective at sentencing. For the same reasons noted above, this Court concludes the 440 court's finding did not constitute an unreasonable determination of the facts, and was neither contrary to nor an unreasonable application of clearly established federal law.

    5.  Other Ineffectiveness Grounds and Cumulative Effect of Errors

As to the remaining claims of ineffective assistance of trial counsel, petitioner's objections purport to rely on the arguments previously submitted to the Court. (Doc. #35, at 15). Because these objections are conclusory and/or merely reiterate arguments previously made before Judge Davison, the Court reviews these portions of the R&R for clear error. See Ortiz v.

11

Barkley, 558 F. Supp. 2d at 451.  Having done so, and having found no error, clear or otherwise, the Court adopts these portions of the R&R for the reasons stated therein.

      D.      <u>Unconstitutional Sentence</u>

Plaintiff claims he was "unconstitutionally sentenced" because (i) his sentence on the weapons possession charges represented an impermissible "double enhancement"; (ii) he was sentenced based on facts not admitted or proved to a jury; and (iii) he was sentenced based on material misinformation in the presentence report.  The magistrate judge rejected all three claims on the merits (R&R, at 51-59), and petitioner objects thereto.

As to the so-called double enhancement claim, Judge Davison found that no federal constitutional claim was presented because the sentence was within the range prescribed by state law, and because whether a New York court erred in applying a New York recidivist sentencing enhancement is a question of New York law not cognizable on habeas review.  (R&R, at 52-53). Having carefully reviewed the R&R as well as petitioner's objection, this Court finds that Judge Davison was correct and overrules the objection.

As to the facts neither admitted nor proven claim, Judge Davison correctly observed that the Second Circuit has repeatedly upheld as constitutional New York's discretionary persistent felony offender statute.  (R&R, at 53-56).  See <u>Portalin v. Graham</u>, 624 F.3d 69, 88-94 (2d Cir. 2010).  Petitioner concedes this point (Doc. #35, at 16), and the Court therefore overrules the objection.

Finally, as to the misstatements in the presentence report claim – namely, that petitioner was a "violent sexual offender," that there was no doubt he would have killed or raped the victim if he had gotten her into his car, and that he was a negative influence on his son – the magistrate judge correctly observed that ordinarily a state prisoner's challenge to a sentence that falls within

12

statutory mandates is not cognizable on habeas review, unless the sentence is based on materially false information which the prisoner did not have an adequate opportunity to contest. Based on a review of the sentencing minutes, Judge Davison correctly found that petitioner and his counsel did have an opportunity to review the presentence report and challenge the facts set forth therein. Judge Davison therefore correctly found that the only open question was whether petitioner was sentenced based on materially false information. On that question, the magistrate judge found there was "no indication in the record that the trial court actually relied on any of the alleged misstatements referenced by Petitioner in issuing its sentence." Accordingly, the magistrate judge found that the state court's denial of this claim, under the AEDPA standard, was neither contrary to, nor constituted an unreasonable application of, clearly established federal law. (R&R, at 56-58).

Petitioner's objection is that the trial court "likely took" the allegedly false information into account at sentencing, because the information was contained in the presentence report. Having reviewed the sentencing minutes, this Court finds there is simply no basis to conclude the trial court likely took any of the allegedly false information into account. The trial court certainly did not refer to any of the allegedly false information. Instead, the court explicitly relied on the circumstances of the offenses for which petitioner was being sentenced, his extensive violent criminal history (including a previous conviction for which petitioner was sentenced as a persistent violent felony offender), his disrespect for the law, and the fact that he was a recidivist who seemed incapable of living a law-abiding life when not in custody. (Sentencing Tr. 29-32).

In short, the magistrate judge was correct, and this objection is overruled.

The portion of the R&R relating to the unconstitutional sentence claim is adopted.

E. <u>Remaining Claims</u>

Judge Davison found the following claims to be unexhausted, but deemed exhausted and procedurally defaulted: (i) that petitioner's post-arrest statements were involuntary and admitted at trial in violation of his constitutional rights, and (ii) that his due process rights were violated by the admission of incompetent expert testimony.  For that reason, the magistrate judge recommended these claims be denied.  (R&R, at 31-33).  Petitioner does not object.  (Doc. #35, at 1, n.1).  Thus, the Court reviews these portions of the R&R for clear error.  Having done so, the Court finds no error, clear or otherwise, and adopts these portions of the R&R.

**CONCLUSION**

Accordingly, except as otherwise stated, the Court adopts Judge Davison's thorough and well-reasoned R&R.  As to those portions of the R&R the Court does not adopt, the Court finds and concludes petitioner is not entitled to habeas relief.

The petition is DENIED.

The Clerk is instructed to enter judgment accordingly and close this case.

As petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability will not issue.  See 28 U.S.C. § 2253(c).  The Court does not believe that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or . . . the issues presented [are] adequate to deserve encouragement to proceed further."  Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005) (quoting Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)).  To the extent petitioner objects to Judge Davison's recommendation in this regard, that objection is overruled.

Dated:  January 21, 2014
         White Plains, NY

                                         SO ORDERED:

                                         _____
                                         Vincent L. Briccetti
                                         United States District Judge

15